IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MS. ARON GEORGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-06120-CV-W-HFS |
| | ) | |
| GARRY L. LEWIS and | ) | |
| GARRY LEWIS PROPERTIES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM TO COUNSEL**

There has been a flurry of correspondence and some telephone calls with my law clerk, Karen Graves, concerning wide-ranging discovery disputes in this case. The most recent message, from defendant's counsel in Baton Rouge, dated February 20, indicates that the issues have been resolved with one exception. She reports that plaintiff's counsel Mr. Brownlee, contends that disclosure of documents to a supervisory employee, in the course of faxing materials between attorney and client, constitutes a waiver of the privilege. As phrased by Ms. Craft, the contention seems counter-intuitive. I am of course, prepared to consider further filings.

Motion practice may be best to resolve the narrow issue still to be dealt with. Unless a telephone call is again requested, I await formal filings on the privilege question. Elaborate briefing is unnecessary.[*]

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

February 22, 2008

Kansas City, Missouri

---

[*]Perhaps it is not out of line to note defendant's motion for change of venue. Division venue questions have been eliminated by statute, as I remember it, although trial situs would not be governed by division location. Since I am not trying jury cases because of limited courthouse hours it would be my expectation that another judge would likely try the case in Jefferson City, if the case goes to trial. I will so rule, without further briefing, unless counsel file suggestions in opposition.